■ In the Matter of ROBERT WILDES, Appellant, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered May 23, 1974 in Clinton County, which dismissed, after a hearing, petitioner's application pursuant to CPLR article 78 for an order correcting his conditional release date. In 1964, petitioner was sentenced to a term of imprisonment of 5 to 10 years. Subsequently, on October 17, 1972, while free on parole, petitioner was convicted of robbery in the third degree upon his plea of guilty and was sentenced to an indeterminate term of imprisonment "which shall have a maximum term of three years (not concurrent with prior time owed on parole)." No minimum term was set by the sentencing court. Petitioner was received at the Ossining Correctional Facility on November 2, 1972 under the new commitment with credit for 108 days jail time and 3 years, 4 months and 13 days outstanding on the previous sentence. On September 11, 1973, the Parole Board set petitioner's minimum sentence at 2 years and 8 months. Petitioner contends that the Parole Board failed to comply with the provisions of sections 218 and 219 of the Correction Law and never informed him either orally or in writing that he would have to serve any or all of the balance of the first sentence; and that by failing to comply with said sections, the board waived its jurisdiction over the delinquent time when service of the new sentence commenced. Thus, he concludes, his conditional release date on the new sentence should be July 17, 1974. Pursuant to section 218 of the Correction Law (which was repealed effective May 8, 1970 [L. 1970, ch. 476, § 44] but continues to apply to sentences for offenses committed prior to September 1, 1967), petitioner's service of his first sentence stopped on May 18, 1972 when he was declared delinquent and did not recommence until November 2, 1972 when he was received at Ossining Correctional Facility (see *People ex rel. Petite* v. *Follette,* 24 N Y 2d 60, 63). The time owing on the first sentence is to be measured from the date of the delinquency and reduced by the application, if any, of sections 70.30 (subds. 3 and 5), 70.40 (subd. 3) and 75.10 of the Penal Law. The Parole Board, in its discretion, may determine whether the prisoner should serve the maximum of the time owing or only a part thereof (Correction Law, §§ 218, 219; see *Matter of Seible* v. *Oswald,* 32 A D 2d 696, 697). In *Matter of Seible* v. *Oswald* (32 A D 2d 696, 697) this court stated: "The Parole Board must hold a hearing after the violator's return to prison to determine whether he should be required to serve the time remaining on his first sentence. The Parole Board may, in its discretion, excuse the violator from serving additional time on his prior sentence." Implicit in the Parole Board's decision of September 11, 1973 setting the minimum sentence is a determination that petitioner would be required to serve the maximum unexpired term of his first sentence and he was adequately informed of such determination by the minimum

sentence notice which included the total unexpired sentence in its computations. Petitioner's claim to an earlier conditional release date rests on the unsound premise that service of the *new* sentence commenced on November 2, 1972 and that the Parole Board waived service of the balance of the first sentence. Upon his return to prison, petitioner resumed serving the original sentence by operation of law (Correction Law, §§ 218, 219) and no waiver of said sentence can be implied (cf. *Matter of Seible* v. *Oswald, supra*). Judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.